**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LEROY PEAK,**

                                        **Plaintiff,**

                                                                **9:11-CV-0041**
            **v.**                                              **(MAD/DEP)**


**SCHWEBLER, Corrections Counselor, Coxsackie**
**Correctional Facility; ROGER RASCO; CRYSTAL,**
**Corrections Counselor, Coxsackie Correctional**
**Facility; and KIM TALAVERA, Corrections**
**Counselor, Coxsackie Correctional Facility,**

                                        **Defendants.**

_____

**APPEARANCES:**                          **OF COUNSEL:**

**LEROY PEAK**
**92-B-1880**
Plaintiff, _pro se_
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

**HON. ERIC T. SCHNEIDERMAN**              **DEAN J. HIGGINS, A.A.G.**
New York State Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**MAE A. D'AGOSTINO, United States District Judge**

### DECISION AND ORDER

Plaintiff, a New York State prison inmate, commenced this action against the

Commissioner of the New York State Department of Corrections and Community Supervision

("DOCCS"), and five other DOCCS employees.  In his complaint and accompanying material,

Plaintiff alleges that Defendants violated his First, Eighth and Fourteenth Amendment rights.  _See_

Dkt. No. 1.  As a result of an initial review by the Court, Plaintiff's claims were significantly

narrowed.  *See* Dkt. No. 7.  Specifically, the remaining claims include the following: (1) a violation of his Eighth Amendment rights, based upon an alleged deprivation of his right to exercise; (2) abridgment of his First Amendment right to exercise his chosen religion; and (3) a violation of his right to due process under the Fourteenth Amendment, as a result of the alleged failure to periodically review his protective-custody status.  *See id.* at 27.  Additionally, in the May 19, 2011 initial review, the Court dismissed Defendants Fischer and Knapp for their lack of personal involvement in any of the alleged constitutional violations.  *See id.*

On April 30, 2012, Defendants filed a motion for summary judgment seeking dismissal of the remaining claims.  *See* Dkt. No. 27.  In their motion, Defendants argue that (1) Plaintiff has failed to put forth sufficient evidence to support any of his claims; (2) Plaintiff failed to exhaust his administrative remedies for any of his claims; (3) Defendants were not personally involved in any of the causes of action; and (4) Plaintiff's claims against Defendant Rascoe are barred by the applicable statute of limitations.  *See* Dkt. No. 27-15.

In a January 3, 2013 Report and Recommendation, Magistrate Judge Peebles recommended that the Court grant Defendants' motion for summary judgment "based on the merits, the lack of personal involvement of Defendants Talavera, Schwebler, and Crystal, and further, as it relates to [D]efendant Rasco, based on the governing three-year statute of limitations."  *See* Dkt. No. 35.  Currently before the Court is Magistrate Judge Peebles' January 3, 2013 Report and Recommendation, to which neither party has submitted objections.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a

motion for summary judgment may not simply rely on the assertions in its pleading.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions.  *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'"  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment.  *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)).  Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for

4

summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having reviewed Magistrate Judge Peebles' January 3, 2013 Report and Recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should grant Defendants' motion for summary judgment. The only allegations in the complaint and other submitted material regarding Defendant Rascoe concern a conversation that Defendant Rascoe and Plaintiff had in 1997. *See* Dkt. No. 1-2 at ¶¶ 6-7. As such, it is clear that no issue of material fact exists to suggest that the allegations against Defendant Rascoe are not barred by the three-year statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983. Therefore, Magistrate Judge Peebles correctly determined that Defendants' motion should be granted on this ground.

Moreover, the record fails to establish that Defendants Schwebler, Talavera and Crystal had any personal involvement in determining whether Plaintiff should be permitted to attend religious services or participate in exercise or recreation. *See* Dkt. No. 27-1 at ¶¶ 5-11, 17; Dkt. No. 27-11 at ¶¶ 4-6; Dkt. No. 27-12 at ¶¶ 4-6; Dkt. No. 27-13 at ¶¶ 4-6. In fact, Plaintiff even confirmed during his deposition that Defendants did not have any role in denying him the right to attend religious services or exercise. *See* Dkt. No. 27-3 at 22-23, 25-26, 33-34. Further, Plaintiff even appears to admit that Defendants were not personally involved in the actions giving rise to his due process claims. *See id.* at 34.

Finally, Magistrate Judge Peebles correctly determined that Plaintiff's claims fail on the merits as well. Regarding his Eighth Amendment claim, during his deposition, Plaintiff clarified that he was not claiming that he was wholly deprived of any form of exercise, and stated that he was provided with regular exercise while at Coxsackie C.F. *See* Dkt. No. 27-3 at 34. As to his

due process claim, Plaintiff testified that he was voluntarily placed in protective custody and he "didn't want a review of his [protective custody] status," which means that he was not involuntarily deprived of a liberty interest sufficient to support a Fourteenth Amendment due process claim. *See id.* at 28, 30; *see also Moore v. Correctional Medical Services*, No. Civ. A. 05-3525, 2006 WL 1478863, *7 (D.N.J. May 26, 2006) (concluding that the inmate "'failed to state a claim for deprivation of liberty interests pursuant to the Eight[h] and Fourteenth Amendments'" with regard to his placement in protective custody, where he initially agreed to be placed in protective custody, then three days later objected to that placement, but was not returned to general prison population until two months later, pending completion of internal prison investigation into inmate's safety in general prison population) (citation omitted); *Richards v. Goord*, No. 9:04-CV-1433, 2007 WL 201109, *16 n.137 (N.D.N.Y. Jan. 23, 2007) (citing cases).

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' January 3, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 27) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 28, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge